UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE MEEHLEDER,

        Plaintiff,

                                              Case No. 11-cv-12946
v.                                    HON. GEORGE CARAM STEEH

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

<u>ORDER ACCEPTING AND ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION IN PART [DOC. 16]
AND REMANDING FOR FURTHER PROCEEDINGS</u>

Plaintiff Michelle Meehleder filed an application for Disability Insurance Benefits ("DIB") on October 30, 2007, asserting that she became unable to work on September 1, 2004 due to postural orthostatic tachycardia syndrome ("POTS").[1] The Commissioner initially denied benefits on January 2, 2008. Plaintiff then requested a hearing before an ALJ, who determined that plaintiff was disabled for the period from September 1, 2004 through October 10, 2007, but not thereafter, in a decision dated February 25, 2010. Plaintiff filed a Request for Review disputing the ALJ's finding of medical improvement as of October 10, 2007. The Appeals Council declined to review the ALJ's decision, which became a final decision of the Commissioner on May 10, 2011.

---

[1] POTS is one of a group of disorders that have orthostatic intolerance (OI) as their primary symptom. OI describes a condition in which an excessively reduced volume of blood returns to the heart after an individual stands up. The primary symptom of OI is lightheadedness or fainting. In some cases, an individual can eventually improve and become functional. In other cases, POTS is functionally disabling.

Plaintiff filed suit in this court on July 7, 2011. Both parties filed motions for summary judgment which were referred to the magistrate judge for report and recommendation ("R&R"). On April 10, 2012, the magistrate judge issued a R&R recommending that plaintiff's motion for summary judgment be granted and defendant's motion for summary judgment be denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the magistrate judge recommends that the decision of the Commissioner be remanded with directions to the Commissioner to award plaintiff disability income benefits continuing from October 10, 2007. Defendant filed objections to the R&R and plaintiff filed a response to the objections within the specified time frame. The court has reviewed the file, record, and magistrate judge's R&R. For the following reasons, the court accepts the R&R in part, and orders that the matter be remanded for further administrative proceedings.

The basis for the magistrate's recommendation to remand the matter for payment of benefits is that the ALJ's finding of medical improvement is not supported by substantial evidence. The ALJ found medical improvement as of October 10, 2007 based on the decreased frequency of medical treatment plaintiff sought, absence of syncopal episodes, and weight gain in contrast with her earlier weight loss due to nausea and dizziness associated with POTS. (Tr. 14-16.) Ultimately, the ALJ did not find plaintiff's testimony that she continues to suffer from symptoms of POTS after October 10, 2007 fully credible.

Defendant admits that there were some deficiencies in the ALJ's credibility determination; specifically, the ALJ failed to consider plaintiff's explanation for the lack of medical records after October 10, 2007. However, defendant objects that the ALJ's

2

overall assessment of medical improvement as of October 10, 2007 was well-supported by substantial evidence.

Defendant also argues that plaintiff's subjective complaints are contradicted by treatment records existing after October 2007. Defendant points out that plaintiff did not report any symptoms of POTS to her family doctor, Dr. Schisler, during five visits between May 2008 and January 2010 even though plaintiff testified to continuing symptoms of POTS after October 10, 2007. This argument is not persuasive. As plaintiff explained at the hearing, not only did she lose her medical insurance, but she believed that there was no treatment doctors could offer her. In addition, the reasons for those five visits to her family doctor were not related to POTS at all. Plaintiff was treated for an acute upper respiratory infection, amenorrhea, sore throat, bronchitis and agoraphobia. (Tr. 575-76, 615-20, 691-92.) It is unreasonable to expect plaintiff to consult with her family doctor for POTS symptoms when she visited the doctor for entirely different reasons, especially, when her issues with POTS were treated by Dr. Dardas, her neurologist. Defendant indicates that on one of these occasions, Dr. Schisler diagnosed tachycardia. (Tr. 617-18.) Defendant argues that there is no evidence this diagnosis was related to POTS and no evidence that plaintiff complained of POTS symptoms that day. On the contrary, plaintiff was seeking treatment for a sore throat that day and yet the doctor diagnosed tachycardia. This record shows that plaintiff had POTS symptoms even though she did not specifically report them to her family doctor.

Furthermore, plaintiff's treatment records for POTS became sporadic since she received her POTS diagnosis from the Mayo Clinic in March of 2006. (Tr. 471-75.) Her symptoms began shortly after her third miscarriage. (Tr. 229.) The medical records

show that she persistently sought treatment for her symptoms from September 2004 to March 2006. (Tr. 178-692.) After she finally received the POTS diagnosis, the frequency of treatment records dramatically decreased. (*Id.*) This evidence supports a conclusion that once she figured out the nature of her symptoms and unsuccessfully treated with many different medications, she acknowledged and understood that her condition did not require immediate medical attention. Given these circumstances, it is unreasonable to expect her to consult with her family doctor about POTS symptoms during seemingly routine medical care.

     Defendant further argues that plaintiff's weight gain as an indicator of improvement of nausea is inconsistent with her testimony at the hearing that she still had frequent nausea that sometimes caused vomiting. Defendant insists that her weight gain represents more than symptomatic improvement and her inconsistent testimony is a reasonable basis for doubting the severity of her symptoms. This court agrees with the magistrate judge's view that plaintiff's weight gain may indicate some improvement, but does not constitute substantial evidence of medical improvement. As the magistrate judge points out, nausea is one of many symptoms associated with POTS. Plaintiff's symptoms reported during the hearing including dizziness, lightheadedness, migraines, tachycardia, and excessive sweating are consistent with her earlier medical records. Moreover, her weight gain does not necessarily indicate that nausea is completely eliminated. As her husband testified at the hearing, she spends most of her time laying down at home because of other symptoms of POTS. This sedentary life style may have contributed to her weight gain as well.

Defendant also objects to the magistrate judge's recommendation to remand with direction to payment of benefits. Defendant argues that assuming the ALJ's credibility determination is flawed, then the appropriate remedy is remand for further proceeding to assess plaintiff's credibility, rather than payment of benefits. The court agrees with this argument. The Sixth Circuit emphasized that "[i]f a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." Faucher v. Sec'y of Health & Hum. Servs., 17 F.3d 171, 176 (6th Cir. 1994). Therefore, a court is obligated to remand for further administrative proceedings if there are any unresolved essential factual issues. Newkirk v. Shalala, 25 F.3d 316, 318 (6th Cir. 1994).

The ALJ found plaintiff's testimony that she continually suffers from debilitating symptoms of POTS post October 10, 2007 not fully credible because of the lack of medical records. As the magistrate judge points out in her R&R, not considering plaintiff's seemingly valid explanations for the lack of medical records is not a harmless error. However, factual issues still remain. Crediting plaintiff's explanations for the lack of medical records does not necessarily make plaintiff's testimony fully credible. Because the ALJ completely disregarded plaintiff's explanations, there were no follow-up questions at the hearing. Given these flaws in the ALJ's decision, the proper remedy is a remand to the Commissioner to fully assess plaintiff's credibility regarding the issue of medical improvement.

Accordingly,

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation is accepted and adopted in part as the reasoning of this court.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is GRANTED and defendant's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that this matter is REMANDED for further proceedings consistent with this order.

Dated:  August 2, 2012

>s/George Caram Steeh
>GEORGE CARAM STEEH
>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 2, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---